## Case No. 3,239.

CORNELL v. The MARGARETTA.

[29 Leg. Int. 213.][1]

District Court, S. D. New York. 1872.

COLLISION—VESSEL AT PIER.

[A propeller had crossed the entrance to a basin, passed in, and come to a dead stop alongside a pier, leaving substantially the usual space of clear water for other vessels to pass in. A schooner, in attempting to pass through this space, struck the propeller at a place where, had the latter not been in the way, the schooner would have hit the face of the pier. Held, that the schooner was in fault.]

Libel sustained [by Thomas Cornell] against a schooner for damages for running into a propeller lying at a wharf.

[1] [Reprinted by permission.]

R. D. Benedict, for libellant.
O. Frisbie, for claimants.

BLATCHFORD, District Judge. This libel is filed by the owner of the steam propeller H. P. Farrington, to recover for damages sustained by him by reason of a collision which occurred in the day time on the 28th of September, 1871, between that vessel and the schooner Margaretta. The libel sets forth that the propeller was lying at the wharf at Weehawken, New Jersey, with her bow up the river, at the entrance to the basin; and that the schooner came up the river some distance out, on an ebb tide, with the wind free, and, when about opposite to the entrance of the basin, suddenly changed her course, with the apparent intention of entering the basin, and came on with full speed and ran into the propeller. The answer alleges that the schooner was bound for Weehawken; that she went up the river, and, when she had arrived at a point in the river opposite Weehawken, and a few hundred feet distant, the propeller came across the river, and crossed the course of the schooner and turned towards the west and described a curve, and apparently made for the same place at Weehawken that the schooner made for, so that when the propeller had described such curve, her bow was pointed up the river and she was moving towards the north; that, while the propeller was describing such curve, the schooner had also changed her course and was running directly towards the west, and towards the place she was bound for, namely, the entrance of the basin at Weehawken; that such change of the respective courses of vessels brought the course of the propeller at right angles to and across the course and bow of the schooner; that, although the schooner had, by her movements, indicated to the propeller the fact that she was going into the basin, and was standing towards it, the propeller kept on her course and ran across the bows of the schooner, and thus caused the collision; and that the propeller could easily have got out of the way of the schooner, by stopping and backing.

The evidence establishes the case made by the libel. The propeller had crossed the mouth of the cut or entrance into the basin and passed up and come to a dead stop, with her port side lying for a considerable part of it, from her stem rearwards, against the river side of the pier, and with her stern projecting some six or eight feet beyond two canal boats, some sixteen feet wide each, which were lying at right angles to her, in the cut, one outside of the other, the inside one being against the upper face of the cut, their bows pointing outwards, but being within the line of the face of the river side of the pier. The cut is one hundred feet wide. This left to the schooner substantially the same clear space of water in the cut, through which to enter the basin, that she

would have had if the propeller had not been where she was; and according to the evidence, there was abundant room for her to go in, if she had been properly managed. The propeller was some seventy-five feet keel. Instead of heading towards the cut, the schooner, with her bowsprit, struck the pilot-house of the propeller, at a point some sixty feet or more above the upper line of the water space left in the cut. If the propeller had not been in the way, the schooner would have hit the river face of the pier, some twenty-five or thirty feet above the upper face of the cut. The case set up by the answer is wholly disproved. The case is, that the propeller was hit, while moving forward, by getting across the entrance to the basin, as the schooner was entering the basin. The evidence for the defence shows, that the helm of the schooner was put first down and then up, and that she was unmanageable. The propeller was wholly without fault, and there must be a decree for the libellant, with costs, with a reference to a commissioner to ascertain the damages sustained by him by means of the collision.